UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAROL LYNN GIVENS,**

        **Plaintiff,**        :

v.                             Case No. 2:22-cv-04252
                               Judge Sarah D. Morrison
                               Magistrate Judge Chelsey M.
**SHADYSIDE POLICE**             Vascura
**DEPARTMENT,** *et al.***,**        :

        **Defendants.**

## ORDER

This matter is before the Court on the December 14, 2022 Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 3.) Plaintiff Carol Lynn Givens brought this action against the Shadyside Police Department and several officers of the Village of Shadyside and Belmont County, Ohio. (ECF No. 2.) She alleges Defendants retaliated against her for exercising her First Amendment rights to run for office and petition the government. (*Id.*)

Pursuant to an initial screen under 28 U.S.C. § 1915(e), the Magistrate Judge recommended that Ms. Givens may proceed on her individual-capacity claims for First Amendment retaliation against Shadyside Assistant Police Chief Jeffrey Todd Loeffler, but that Ms. Givens' remaining claims be dismissed for failure to state a claim on which relief may be granted. (R&R PageID 133.) Ms. Givens timely filed objections to the R&R. (Obj., ECF No. 4.)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Ms. Givens objects to the Magistrate Judge's recommendations that were adverse to her, but does so with naked assertions. (Obj. PageID 144.) She does not explain why the Magistrate Judge's findings and recommendations are incorrect; instead, she states throughout her filing that she intends to amend her complaint to cure its deficiencies. (*Id.* PageID 144–46.) As such, the Court will also construe Ms. Givens' filing as a motion to amend her complaint.

Under "Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)," but "such relief need not be granted when the claims are not remediable by amendment, making it futile to permit an amended complaint." *Huot v. Montana Dep't of Child & Fam. Servs.,* No. 5:17-CV-298-JMH, 2017 WL 3103793, at *1 (E.D. Ky. July 21, 2017) (citations and quotations omitted); *see Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend where an amendment would be futile.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Futility exists "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller*, 408 F.3d at 817 (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th

2

Cir.1980); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (explaining the test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss").

Ms. Givens urges that she "can correct all references to Greg Givens throughout the Complaint and Amendment and intends to do so," and states the same with respect to Dennis Givens. (Obj. PageID 145–46.) But as the Magistrate Judge explained, Ms. Givens cannot maintain an action on Greg Givens' behalf as a nonlawyer; "correcting references" will not remedy Ms. Givens' complaint's defect. (R&R PageID 136) (citing *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (cleaned up)).

Concerning Dennis Givens, Ms. Givens omits any proposed "facts concerning the time or manner of his death or who in particular was responsible" in her motion. (*See* R&R PageID 137.) A *pro se* plaintiff's complaint must be "liberally construed" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but "[b]y the same token, however, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face to withstand a Rule 12(b)(6) motion." *Chappel v. Adams Cnty. Children's Servs.*, No. 1:22-CV-747, 2023 WL 2568300, at *3 (S.D. Ohio Mar. 20, 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). Without proposed allegations or an explanation as to how an amendment would cure the deficiencies in Ms. Givens' wrongful death claim, the Court is unable to conclude an amendment would be anything other than futile.

3

Ms. Givens also states that "Defendant KLUG and COLLETTE, FLANAGAN, and SHADYSIDE VILLAGE, were involved in the exact same circumstances, and events, as Defendant LOEFFLER." (*Id.* PageID 146.) It is unclear what "exact same circumstances, and events" Ms. Givens is referring to. But assuming Ms. Givens means the allegations related to Defendant Loeffler's actions that were sufficient to state an individual-capacity claim for First Amendment retaliation, her blanket assertion does not convince the Court that a grant of leave to amend would cure her pleading's shortcomings.

As to the Village of Shadyside, Ms. Givens needs to plausibly allege facts upon which the Court could rely to conclude that an official policy or custom resulted in the violation of her constitution rights, and she has not done so. (*See* R&R PageID 138; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). While Ms. Givens uses the term "custom" twice in her motion, she does so without any specificity and unrelated to the Village of Shadyside. (Obj. PageID 146.)

Ms. Givens provides three threadbare recitals about Defendant Flanagan which are insufficient to overcome his absolute immunity from suit for actions within the scope of his prosecutorial duties. (*See* R&R PageID 138–39; *Imber v. Pachtman*, 424 U.S. 409, 427 (1976)). As to Defendants Klug and Collette, Ms. Givens again fails to propose any allegation that could constitute circumstantial evidence of retaliatory motive by either. Without more, Ms. Givens' individual-capacity claims would not withstand a Rule 12(b)(6) motion to dismiss.

4

Having closely reviewed the Magistrate Judge's Report and Recommendation and finding no error, the Court **OVERRULES** Ms. Givens' objections. (ECF No. 4.) Ms. Givens' motion to amend is **DENIED** as futile. (*Id.*) The Court **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 3.) Ms. Givens **MAY PROCEED** on her individual-capacity claims for First Amendment retaliation against Shadyside Assistant Police Chief Jefferey Todd Loeffler. Ms. Givens' remaining claims are **DISMISSED** for failure to state a claim on which relief may be granted.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**