UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL GIVENS,

       Plaintiff,               :

v.                                  Case No. 2:22-cv-4252
                                  Judge Sarah D. Morrison
                                  Magistrate Judge Chelsey M.
SHADYSIDE POLICE                       Vascura
DEPARTMENT, *et al.*,      :

       Defendants.

## ORDER

Following an initial screen of her Complaint, Carol Lynn Givens was permitted to proceed on her individual-capacity claim for First Amendment retaliation against Shadyside Assistant Police Chief Jeffrey Todd Loeffler. (*See* ECF No. 5.) Assistant Chief Loeffler now moves for summary judgment on that claim. (ECF No. 17.) Ms. Givens did not respond to the motion. The Court has reviewed the record and finds that there is no genuine dispute of fact for trial. Assistant Chief Loeffler's Motion is **GRANTED**.

    **I.**     **STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the non-moving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*,

12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A genuine issue exists if the nonmoving party can present "significant probative evidence" showing more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Even where, as here, "a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014).

II.     ANALYSIS

Assistant Chief Loeffler raises the defense of qualified immunity to Ms. Givens's sole remaining claim. An official is entitled to the defense of qualified immunity so long as he has not violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). This is a purposefully high bar for a plaintiff. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S.

731, 743 (2011). Accordingly, "it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation and citation omitted). "When the defendant raises qualified immunity, the plaintiff bears the burden of proving that the defendant is not entitled to summary judgment." *Davenport v. Causey*, 521 F.3d 544, 550 (6th Cir. 2008).

Assistant Chief Loeffler argues that he is entitled to qualified immunity because Ms. Givens has not shown a violation of her First Amendment rights. (*See* ECF No. 17, PAGEID # 185.) Ms. Givens's Complaint alleges that Assistant Chief Loeffler retaliated against her for exercising her First Amendment right to petition the government when he towed her campaign van, filed false police reports against her, pulled a gun on her without probable cause, and threatened her with violence when she tried to file a criminal complaint. (*See* ECF No. 2, *generally*.) Even after Assistant Chief Loeffler filed a Motion for Summary Judgment, Ms. Givens offers no evidence that any of the alleged conduct actually occurred, let alone that such conduct was in retaliation for Ms. Givens's protected speech.

### III. CONCLUSION

Assistant Chief Loeffler's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Ms. Givens's Motion for Protective Order (ECF No. 25) is thus **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

3